IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re EXODUS COMMUNICATIONS, INC. SECURITIES LITIGATION<br><br>This Document Relates To: ALL ACTIONS<br>_____/ | Master File No. C 01-2661 MMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND THIRD AMENDED COMPLAINT; VACATING HEARING**<br><br>(Docket No. 226) |

Before the Court is plaintiffs' motion, filed March 8, 2005, for leave to amend the Third Amended Consolidated Class Action Complaint ("Third Amended Complaint" or "TAC") by adding one line of text and one exhibit.  Plaintiffs propose to amend paragraph 12 of the Third Amended Complaint to include the following sentence: "The Declaration of Patrick A. Rueckert, authenticating and explaining Exhibit B and stating that the information therein was current as of August 9, 2001, is incorporated herein and is attached to the Appendix as Ex. E."  Additionally, plaintiffs seek to add the above-referenced Declaration of Patrick A. Rueckert ("Rueckert Declaration") as Exhibit E to the Appendix to the Third Amended Complaint.  The purpose of the requested amendment, according to plaintiffs, is to clarify the date Exhibit B to the Appendix to the Third Amended Complaint was created.[1]

Defendants Ellen M. Hancock, R. Marshall Case, Dick Stoltz, Herbert A. Dollahite,

---

[1] The Court notes that the Rueckert Declaration does not refer to Exhibit B, but instead refers to an "Exhibit A," a copy of which has not been submitted to the Court.  The Court assumes, for purposes of the instant motion, that Exhibit A referenced in the Rueckert Declaration is a copy of Exhibit B to the Appendix to the Third Amended Complaint.

Adam W. Wegner, Beverly Brown, Sam S. Mohamad, and William Yeack ("Individual Defendants") have filed opposition to the motion. Defendants Goldman, Sachs & Co., Merrill Lynch & Co., Morgan Stanley Dean Witter, and J.P. Morgan ("Underwriter Defendants") have filed a "Statement of Qualified Non-Opposition" to the motion, in which they state they have no opposition to the proposed amendment, provided the Court affords them leave to file a five-page supplemental memorandum in support of their pending motion to dismiss the Third Amended Complaint, for the purpose of addressing the effect of the proposed new amendment. Plaintiffs have filed a reply. Having considered the papers filed in support of and in response to the motion, the Court finds the motion appropriate for decision without oral argument and hereby VACATES the April 22, 2005 hearing on the motion.

Where, as here, the complaint has already been amended, the plaintiff may amend the complaint "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." See Fed. R. Civ. P. 15(a). Generally, leave to amend should be granted with "extreme liberality." See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith or dilatory motive on the part of the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment. See Eminence Capital, 316 F.3d at 1052 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "[T]he consideration of prejudice to the opposing party carries the greatest weight." Id. "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id. (emphasis in original). The Individual Defendants have not demonstrated they will be prejudiced by the Court's granting plaintiffs' motion,[2] nor

---

[2] The Individual Defendants' chief concern with respect to prejudice is that they "will be compelled to go through yet another round of motions to dismiss." (See Ind. Defs' Opp. at 1:10-11.) As discussed infra, however, their current motion to dismiss is deemed applicable to the new complaint.

2

have they demonstrated the remaining factors weigh in favor of disallowing amendment. Accordingly, the Court will GRANT plaintiffs' motion.

The Court notes, however, that the proposed Corrected Third Amended Consolidated Class Action Complaint ("Corrected Third Amended Complaint" or "CTAC") contains additional amendments not addressed in plaintiffs' motion. There are significant differences between paragraphs 11 and 12 of the Third Amended Complaint and paragraphs 11 and 12 of the proposed Corrected Third Amended Complaint, for example. (Compare TAC ¶¶ 11-12 with CTAC ¶¶ 11-12.) In addition, the Court notes that the Third Amended Complaint is 171 pages long, while the proposed Corrected Third Amended Complaint, which should be only one sentence longer than the Third Amended Complaint, is 175 pages long. It appears plaintiffs' Corrected Third Amended Complaint is based on a different draft of the Third Amended Complaint than the version plaintiffs ultimately filed with the Court on January 15, 2004. Plaintiff shall not file the proposed Corrected Third Amended Complaint they have submitted to the Court, but, rather, shall make their requested amendments to the version of the Third Amended Complaint plaintiffs previously filed with the Court.

Accordingly, it is hereby ORDERED that:

1. Plaintiffs' motion for leave to amend their Third Amended Complaint is GRANTED. Plaintiff shall not file the proposed Corrected Third Amended Complaint they have submitted to the Court, however. Rather, plaintiffs shall make their requested amendments to the version of the Third Amended Complaint plaintiffs previously filed with the Court on January 15, 2004. Plaintiffs shall electronically file their Corrected Third Amended Complaint no later than April 29, 2005. A paper copy of the Corrected Third Amended Complaint shall be provided for use in chambers, no later than noon the day after the complaint is filed, as required by General Order 45 and the Court's standing orders.

2. The pending motions to dismiss the Third Amended Complaint will be deemed applicable to the Corrected Third Amended Complaint. No later than May 6, 2005, the Individual Defendants and the Underwriter Defendants may supplement their respective

motions to dismiss by filing a memorandum of no longer than five pages that addresses the impact, if any, of plaintiffs' amendments to the Third Amended Complaint on such defendants' pending motion to dismiss.  No later than May 13, 2005, plaintiffs may file a memorandum of no longer than five pages responding to each such supplemental memorandum, at which time the motions to dismiss will be taken under submission.

This order terminates Docket No. 226.

**IT IS SO ORDERED.**

Dated: April 18, 2005  /s/ Maxine M. Chesney
Maxine M. Chesney
United States District Judge