IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re EXODUS COMMUNICATIONS, INC. SECURITIES LITIGATION | Master File No. C-01-2661 MMC |
| | **ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION** |
| This Document Relates to: ALL ACTIONS | (Docket No. 251) |

Before the Court is plaintiff's motion filed August 19, 2005, seeking reconsideration of the Court's August 5, 2005 order dismissing plaintiffs' claims under § 11 and § 15 of the Securities Act of 1933, as asserted against defendant Ellen Hancock ("Hancock"). Hancock has filed opposition to the motion; plaintiffs have filed a reply. For the reasons set forth below, the motion is GRANTED.

**LEGAL STANDARD**

A motion for reconsideration may be based on any of the following: (1) a difference in fact or law from that originally presented to the Court and which, in the exercise of reasonable diligence, the party seeking reconsideration did not know at the time of the challenged order; (2) the emergence of new material facts or a change of law occurring after the issuance of the challenged order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments. See Civil L.R. 7-9(b).

**DISCUSSION**

**A. § 11 Claim**

The Court dismissed the § 11 claim, as asserted against Hancock, on the ground the claim was not pleaded with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. (See Order Granting in Part and Denying in Part Underwriter Defendants' Motion to Dismiss; Granting Individual Defendants' Motion to Dismiss ("August 5 Order"), filed August 5, 2005, at 68.) Relying on In re Daou Systems, Inc. Sec. Litig., 411 F.3d 1006, 1027 (9th Cir. 2005) and In re Stac Electronics Sec. Litig., 89 F.3d 1399, 1404-05 (9th Cir. 1996), the Court found the § 11 claim, as asserted against Hancock, was "grounded in fraud," and thus subject to the pleading requirements of Rule 9(b), because Hancock was alleged to have participated in a broad scheme to defraud investors by, among other things, falsifying Exodus's financial results, and plaintiffs did not allege that Hancock acted negligently or mistakenly. (See id.)

Plaintiffs seek reconsideration of that ruling on the ground they alleged non-fraud bases for Hancock's liability, and that their claim for violation of § 11 expressly disavowed any allegation of fraud. Plaintiffs point out that, although they did not expressly allege that Hancock acted negligently or mistakenly, they alleged that Hancock was liable under § 11 because she signed a Registration Statement containing untrue statements of material fact and because she was an officer and director of Exodus when the Registration Statement became effective. (See Third Amended Complaint ("TAC") ¶¶ 351-352.) Such allegations, as plaintiffs correctly note, state a non-fraud basis for Hancock's liability under § 11. See 15 U.S.C. § 77k(a) (providing signer of registration statement and director of issuer are proper defendants under § 11); see also, e.g., Daou, 411 F.3d at 1027 (noting "defendants will be liable [under § 11] for innocent or negligent material misstatements or omissions"). Additionally, Daou and Stac are distinguishable on their facts. In Daou, the Ninth Circuit stated that a § 11 claim is "grounded in fraud," and thus subject to the pleading requirements of Rule 9(b), when a plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim" or "when the

2

complaint makes a 'wholesale adoption'" of fraud claims for purposes of the § 11 claim. See Daou, 411 F.3d at 1027-28 (emphasis added).  In the Third Amended Complaint, although plaintiffs' § 10(b) claim incorporates all prior allegations of the complaint, (see TAC ¶ 356), the § 11 claim does not do so.  (See id. ¶ 343); cf. Daou, 411 F.3d at 1027-28 (holding § 11 claim governed by Rule 9(b) pleading requirements where complaint "fully incorporate[d] all allegations previously averred in the complaint for purposes of all their claims" and plaintiffs did not rely on non-fraud basis of liability for § 11 claim); see also Stac, 89 F.3d at 1404-05 (rejecting "nominal efforts" to disclaim fraud as a basis for § 11 claim where "no effort [was] made to show any other basis" for § 11 claim).  Under the circumstances, the Court finds plaintiffs' § 11 claim, as asserted against Hancock, is not grounded in fraud, and, consequently, is not subject to the pleading requirements of Rule 9(b).[1]

Accordingly, the Court will GRANT plaintiffs' motion for reconsideration and DENY defendants' motion to dismiss the § 11 claim, as asserted against Hancock.

**B. § 15 Claim**

The Court dismissed the § 15 claim, as asserted against Hancock, on the ground that plaintiffs did not allege any violation of the securities laws by Exodus, the entity Hancock is alleged to have controlled.  (See August 5 Order at 70; see also TAC ¶ 343.) Plaintiffs move for reconsideration on the ground that, in paragraph 345 of their Third Amended Complaint, they allege a § 11 violation by Exodus.  (See TAC ¶ 345.)  In that paragraph, plaintiffs allege that in connection with a February 6, 2001 public offering, "Exodus issued a Registration Statement and Prospectus containing a number of false and misleading statements."  (See id.)  Plaintiffs thereafter allege why such statements were false and misleading.  (See id. ¶¶ 349-350.)  Under § 11, as plaintiffs correctly note, "[l]iability against the issuer is virtually absolute, even for innocent misrepresentations."

---

[1] The Court has already held that plaintiffs have adequately stated a § 11 claim against the Underwriter Defendants based on the same alleged material misstatements that form the basis of plaintiffs' § 11 claim against Hancock.  See August 5 Order at 20-21 (citing cases finding Rule 9(b) inapplicable to § 11 claim).

3

See Herman & MacLean v. Huddleston, 459 U.S. 375, 382 (1983).

As plaintiffs have stated a § 11 claim against Exodus, plaintiffs have also stated a § 15 claim against Hancock. See August 5 Order at 69 (noting that to state a claim for violation of § 15, plaintiffs must "plead a primary violation of federal securities laws and that the defendant exercised control over the primary violator") (citation omitted).

Accordingly, the Court will GRANT plaintiffs' motion for reconsideration, and DENY defendants' motion to dismiss the § 15 claim, as asserted against Hancock.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion for reconsideration of the Court's dismissal of the § 11 and § 15 claims, as asserted against Hancock, is GRANTED, and defendants' motion to dismiss said claims is DENIED. Hancock shall answer the complaint within 20 days of the date of this order.

This order terminates Docket No. 251.

**IT IS SO ORDERED.**

Dated: September 12, 2005

MAXINE M. CHESNEY
United States District Judge