IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re EXODUS COMMUNICATIONS, INC. SECURITIES LITIGATION<br><br>This Document Relates to: ALL ACTIONS | Master File No. C-01-2661 MMC<br><br>**ORDER DENYING UNDERWRITER DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION, MOTION FOR EXTENSION OF TIME TO ANSWER, AND MOTION FOR STAY OF DISCOVERY**<br><br>(Docket No. 254) |

    Before the Court is plaintiff's motion filed August 19, 2005, seeking reconsideration of the Court's August 5, 2005 order dismissing plaintiffs' claims under § 11 and § 15 of the Securities Act of 1933, as asserted against defendant Ellen Hancock ("Hancock"). For the following reasons, the motion is DENIED, in its entirety.

    1. The Court has already considered and rejected the Underwriter Defendants' arguments that the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure apply to the § 11 claim asserted against them. (<u>See</u> Order Granting in Part and Denying in Part Underwriter Defendants' Motion to Dismiss; Granting Individual Defendants' Motion to Dismiss ("August 5 Order"), filed August 5, 2005, at 15-21.) The Underwriter Defendants have not persuaded the Court that its ruling was incorrect.

    2. Contrary to the Underwriter Defendants' assertion, there is no inconsistency in

the Court's rulings. The Court's dismissal of plaintiffs' § 10(b) claim, for failure to comply with the pleading requirements of Rule 9(b), does not require dismissal of the § 11 claim based on the same alleged misstatements of material fact, because Rule 9(b) has no application to the § 11 claim.

  3. The Underwriter Defendants' new argument that certain of the allegedly false statements at issue in the § 11 claim are statements of "pure opinion," and that no § 11 claim can be stated based on negligent statements of belief or opinion, is not properly before the Court in a motion for reconsideration, as the Underwriter Defendants did not raise the argument in their motion to dismiss.

  4. There is no need to "clarify" the Court's order as to which purportedly false statements remain at issue with respect to the § 11 claim. The Court expressly noted the statements at issue and denied the motion to dismiss the § 11 claim, as asserted against the Underwriter Defendants, in its entirety. (See August 5, 2005 Order at 10, 21.)

  5. Because there is no basis for reconsideration of the Court's August 5 Order as to the Underwriter Defendants, there is no basis for granting the Underwriter Defendants an extension of time to answer the complaint or a stay of discovery.

  This order terminates Docket No. 254.

**IT IS SO ORDERED.**

Dated: September 12, 2005

          MAXINE M. CHESNEY
          United States District Judge