**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   In re EXODUS COMMUNICATIONS, INC.          Master File No. C-01-2661 MMC
     SECURITIES LITIGATION
12                                              **ORDER DENYING DEFENDANT ELLEN**
                                                **HANCOCK'S MOTION FOR LEAVE**
13                                              **TO FILE MOTION FOR**
                                                **RECONSIDERATION, OR, IN THE**
14                                              **ALTERNATIVE, TO CERTIFY ISSUE**
                                                **FOR INTERLOCUTORY APPEAL AND**
15                                              **TO STAY FURTHER PROCEEDINGS**
                                                **PENDING APPEAL**
16
     This Document Relates to: ALL ACTIONS
17   _____/   (Docket No. 273)

18

19        Before the Court is defendant Ellen Hancock's ("Hancock") motion, filed October 12,

20   2005, for leave to file a motion for reconsideration of the Court's September 12, 2005 order

21   granting plaintiffs' motion for reconsideration of the dismissal of plaintiffs' claims against

22   Hancock for violation of § 11 and § 15 of the Securities Act of 1933.  In the alternative,

23   Hancock asks the Court to certify the September 12, 2005 order for interlocutory appeal,

24   pursuant to 28 U.S.C. § 1292(b), and to stay further proceedings against her pending

25   appeal.

26        Hancock's argument that the Court's September 12, 2005 order is contrary to Ninth

27   Circuit authority is unpersuasive.  The Ninth Circuit has expressly recognized that fraud is

28   not an element of a § 11 claim, and that where a § 11 claim is not "grounded in fraud," the

allegations need satisfy only the notice pleading standards of Rule 8(a)."  See In re Daou Systems, Inc. Sec. Litig., 411 F.3d 1006, 1027 (9th Cir. 2005).  The instant action is distinguishable from both Daou and In re Stac Electronics Sec. Litig., 89 F.3d 1399, 1404-05 (9th Cir. 1996), in which cases the § 11 claims at issue therein were found to be "grounded in fraud."  Here, plaintiffs did not incorporate into their § 11 claim any of the factual allegations that support their claim for violation of § 10(b) of the Securities Exchange Act of 1934, (see Corrected Third Amended Consolidated Class Action Complaint ¶¶ 343-355), but rather rely on a separate and alternative theory of what is, essentially, strict liability.  By contrast, the complaint at issue in Stac expressly incorporated into the § 11 claim all of the factual allegations relevant to the § 10(b) claim, albeit with a "nominal" attempt to exclude the "allegations of fraud," and the complaint at issue in Daou expressly incorporated into the § 11 claim all of the factual allegations relevant to the § 10(b) claim without limitation.  (See Hancock's Request for Judicial Notice Ex. A (Stac complaint) ¶ 76, and Ex. B (Daou complaint) ¶ 103); see also Stac, 89 F.3d at 1404 n.2; Daou, 411 F.3d at 1027-28 (holding § 11 claim is "grounded in fraud" and thus subject to Rule 9(b) where plaintiffs "allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of [the] claim" or where complaint "makes a 'wholesale adoption' of the securities fraud allegations" for purposes of § 11 claim) (emphases added).

Hancock, in the alternative, requests that the Court certify its September 12, 2005 order for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), and to stay further proceedings pending appeal.  Section 1292(b) permits a district court to certify an interlocutory order for immediate appeal where the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]"  See 28 U.S.C. § 1292(b).  The Supreme Court and the Ninth Circuit both have noted that motions for § 1292(b) certifications should rarely be granted.  See Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (noting party wishing to appeal pursuant to § 1292(b) must establish existence of "exceptional

circumstances"); <u>see</u> <u>also</u> <u>James v. Price Stern Sloan, Inc.</u>, 283 F.3d 1064, 1067 n.6 (9th

Cir. 2002) (noting § 1292(b) certifications should be granted only in "rare circumstances").

Here, the relevant legal standard is not in doubt, as the Ninth Circuit expressly reiterated it

in <u>Daou</u> only months ago.  <u>See Daou</u>, 411 F.3d at 1027-28.  Moreover, whenever any

motion to dismiss is denied, the moving party can argue that the court erred and that an

immediate appeal from that order could materially advance the ultimate termination of the

litigation.  The Ninth Circuit, however, does not contemplate that denials of motions to

dismiss will be certified routinely, and Hancock has not established that "rare

circumstances" exist in the instant case.

Moreover, the instant case has been pending for four years and discovery has been

stayed since the date the case was filed.  Allowing Hancock to file an interlocutory appeal,

and staying all proceedings pending the outcome of the appeal, may prejudice plaintiffs'

ability to prove their case by further delaying discovery and risking the possibility that the

memories of relevant witnesses will fade.

Accordingly, Hancock's motion is hereby DENIED.

This order terminates Docket No. 273.

**IT IS SO ORDERED.**

Dated: October 19, 2005

MAXINE M. CHESNEY
United States District Judge