IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re EXODUS COMMUNICATIONS, INC. SECURITIES LITIGATION<br><br>This Document Relates to: ALL ACTIONS | Master File No. C-01-2661 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR INVOLUNTARY DISMISSAL OF PLAINTIFFS MICHAEL KLEIN, TERESI TRUCKING, INC., WILLIAM FRIEDMAN, AND MARTIN FOX; VACATING HEARING**<br><br>(Docket No. 283) |

Before the Court is defendant Ellen Hancock's ("Hancock") motion, filed March 23, 2006, for involuntary dismissal of lead plaintiffs Michael Klein ("Klein"), Teresi Trucking, Inc. ("Teresi"), and William Friedman ("Friedman"), as well as additional named plaintiff Martin Fox ("Fox"). Defendants Goldman, Sachs & Co., Merrill Lynch & Co., Morgan Stanley Dean Witter, and J.P. Morgan (collectively, "Underwriter Defendants") have filed a joinder in the motion. Plaintiffs have filed opposition to the motion; Hancock has filed a reply. Having reviewed the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), VACATES the May 5, 2006 hearing, and rules as follows.

**BACKGROUND**

In the Corrected Third Amended Consolidated Class Action Complaint ("CTAC"), filed April 29, 2005, Klein, Teresi, Friedman, Fox, and Thomas Welch ("Welch") assert

1  claims for alleged violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934
2  and §§ 11 and 15 of the Securities Act of 1933.  (See CTAC ¶¶ 343-365.)  In an order filed
3  August 5, 2005, the Court dismissed with prejudice all claims, with the sole exception of the
4  § 11 claim as asserted against the Underwriter Defendants.  (See Order Granting in Part
5  and Denying in Part Underwriter Defendants' Motion to Dismiss; Granting Individual
6  Defendants' Motion to Dismiss, filed August 5, 2005, at 72.)  In an order filed September
7  12, 2005, the Court granted plaintiffs' motion for reconsideration of the dismissal of the § 11
8  and § 15 claims as asserted against Hancock.  (See Order Granting Plaintiffs' Motion for
9  Reconsideration, filed September 12, 2005, at 4.)  As a result of the above-referenced
10 orders, the remaining claims in the instant action are the § 11 claim, as asserted against
11 the Underwriter Defendants and Hancock, and the § 15 claim, as asserted against
12 Hancock.

13       On January 17, 2006, Hancock propounded interrogatories and document requests
14 to the five named plaintiffs.  (See Shah Decl. ¶ 2.)  On February 10, 2006, during a
15 telephone conference between plaintiffs' counsel and Hancock's counsel, plaintiffs' counsel
16 John Grant stated that several of the plaintiffs no longer had viable claims; when Hancock's
17 counsel requested that any plaintiffs that did not have claims be dismissed from the action,
18 Grant stated he would consider that request.  (See id. ¶ 3.)  The parties agreed to continue,
19 to March 8, 2006, the deadline for plaintiffs to serve their discovery responses.  (See id. ¶ 5
20 and Ex. B.)

21       On March 8, 2006, each of the plaintiffs served their responses to Hancock's
22 interrogatories and document requests.  (See id. ¶ 6 and Exs. C through J.)  The responses
23 of four of the five plaintiffs – Klein, Teresi, Friedman, and Fox – consisted, however, of
24 objections based, inter alia, on the following ground: "Plaintiff objects to this discovery as
25 unduly burdensome and harassing as Plaintiff does not presently intend to seek
26 appointment as a class representative or to pursue any claim, other than participating as an
27 absent class member."  (See, e.g., Exs. C through J at 1.)

28       On March 15, 2006, Hancock's counsel requested voluntary dismissal of Klein,

2

1  Teresi, Friedman, and Fox, stating: "The continued participation of these plaintiffs in a
2  lawsuit in which they do not assert a claim is not appropriate." (See id. ¶ 7 and Ex. K.) The
3  record contains no response thereto from plaintiffs.

**DISCUSSION**

### A. Klein, Teresi, and Friedman

In their opposition, plaintiffs concede, with respect to Klein, Teresi, and Friedman, that said "investors' claims were limited to claims for violation of § 10(b), which the Court previously dismissed," (see Opp. at 2), and expressly state that Klein, Teresi and Friedman "do not assert claims for violations of § 11" and "do not have active claims," (see id. at 2, 8). As defendants point out, however, Count I of the complaint does not distinguish among the plaintiffs and alleges only that "plaintiffs" assert claims for violations of § 11 and § 15. (See CTAC ¶ 343.)

Accordingly, the § 11 and § 15 claims, to the extent said claims are asserted by Klein, Teresi, and Friedman, will be DISMISSED with prejudice.

### B. Fox

In their opposition, plaintiffs state that Fox "has an active claim for violation of § 11." (See Opp. at 9.) Plaintiffs further state therein: "Although plaintiff Fox is willing and will continue to pursue § 11 claims on behalf of himself and on behalf of the class if necessary to protect the class, for personal reasons, a decision was made by Fox and his counsel to allow another plaintiff or plaintiff(s) to intervene and seek appointment as a class representative." (See id. at 9-10.) According to plaintiffs' opposition, "if no other class member is allowed to intervene, Fox is willing to engage in discovery and to act as a class representative if it is necessary to protect the interests of the class." (See id. at 10.)

To date, no motion to intervene has been filed. Fox may not elect to remain in the action as a named plaintiff and decline to participate in discovery indefinitely, with the hope that another plaintiff may seek, at some unspecified date in the future, to intervene in the action.

Accordingly, with respect to Fox, the Court will DENY the motion to dismiss without

prejudice, and afford Fox an opportunity to file a declaration attesting to his desire to serve as a named plaintiff in the instant action, as well as an opportunity to serve amended discovery responses.

**CONCLUSION**

For the reasons set forth above, Hancock's motion to dismiss, joined by the Underwriter defendants, is GRANTED in part and DENIED in part, as follows:

1. The motion to dismiss the § 11 and § 15 claims, to the extent said claims are asserted by Klein, Teresi, and Friedman, is GRANTED and said claims are DISMISSED with prejudice.

2. The motion to dismiss the § 11 and § 15 claims, to the extent said claims are asserted by Fox, is DENIED without prejudice. No later than May 5, 2006, Fox shall file a declaration with the Court, stating under penalty of perjury whether he desires to serve as a named plaintiff in the instant action. If Fox attests that he does wish to proceed as such, he shall serve, no later than May 19, 2005, amended responses to Hancock's first set of interrogatories and first set of requests for production of documents. If Fox attests that he does not wish to serve as a named plaintiff, his claims will be dismissed without prejudice to his submitting a claim as a member of the class if such class is certified and prevails.

This order terminates Docket No. 283.

**IT IS SO ORDERED.**

Dated: April 28, 2006

MAXINE M. CHESNEY
United States District Judge