IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re EXODUS COMMUNICATIONS, INC. SECURITIES LITIGATION<br><br>This Document Relates to: ALL ACTIONS | Master File No. C-01-2661 MMC<br><br>**ORDER GRANTING PLAINTIFF THOMAS WELCH'S MOTION FOR RULE 56(F) CONTINUANCE OF HEARING ON MOTION FOR SUMMARY JUDGMENT; DENYING AS MOOT DEFENDANT ELLEN HANCOCK'S MOTION TO STRIKE; VACATING HEARING**<br><br>(Docket Nos. 289, 302) |

Before the Court is defendant Ellen Hancock's ("Hancock") motion, filed March 30, 2006, for summary judgment, based on plaintiff Thomas Welch's ("Welch") lack of standing to assert a claim under § 11 of the Securities Act of 1933. Defendants Goldman, Sachs & Co., Merrill Lynch & Co., Morgan Stanley Dean Witter, and J.P. Morgan (collectively, "Underwriter Defendants") have filed a joinder in the motion. In response to the motion, Welch seeks a continuance pursuant to Rule 56(f) of the Federal Rules of Civil Procedure and, in addition, seeks to add an additional named plaintiff. Hancock has filed a reply in support of her motion for summary judgment, and further has filed a motion to strike portions of the declaration of Leigh A. Parker ("Parker"), filed in support of Welch's response to the motion for summary judgment. Having reviewed the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), VACATES the May 5, 2006 hearing, and rules

as follows.

1. For good cause shown, and, in particular, for the reasons set forth in Welch's response, Welch's request for a Rule 56(f) continuance is GRANTED. The hearing on Hancock's motion for summary judgment is CONTINUED from May 5, 2006 to June 9, 2006 at 9:00 a.m. No later than May 19, 2006, Welch shall file his opposition. No later than May 26, 2006, defendants may file a reply.

2. Welch's request, in his response to the motion for summary judgment, that the Court add an additional named plaintiff is DENIED without prejudice to plaintiffs' filing a separate motion seeking leave to add a new named plaintiff to the complaint.

3. Hancock's motion to strike portions of the Parker declaration is DENIED as moot. The Court, in ruling on Welch's request for a Rule 56(f) continuance, has not relied on the portions of the Parker declaration to which Hancock objects.

This order terminates Docket No. 302.

**IT IS SO ORDERED.**

Dated: April 28, 2006

MAXINE M. CHESNEY
United States District Judge