IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re EXODUS COMMUNICATIONS, INC. SECURITIES LITIGATION<br><br>This Document Relates to: ALL ACTIONS | No. C-01-2661 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING ELLEN BRODSKY'S MOTION TO INTERVENE; DENYING BOILERMAKER-BLACKSMITH NATIONAL PENSION FUND'S MOTION TO INTERVENE; VACATING HEARING**<br><br>(Docket Nos. 313, 319, 348) |

Before the Court are three motions: (1) Ellen Brodsky's ("Brodsky") motion, filed May 5, 2006, to intervene as plaintiff in the instant action; (2) Boilermaker-Blacksmith National Pension Fund's ("Fund") motion, filed May 19, 2006, to intervene as plaintiff; and (3) defendant Ellen Hancock's ("Hancock") motion, filed June 9, 2006, to dismiss the action for lack of subject matter jurisdiction. With respect to Brodsky's motion, Hancock has filed an opposition in which defendants Goldman, Sachs, & Co., Merrill Lynch & Co., Morgan Stanley Dean Witter, and J.P. Morgan (collectively, "Underwriter Defendants") have filed a joinder, Brodsky has filed a reply, and Hancock, with the permission of the Court, has filed a surreply. With respect to the Fund's motion, Hancock has filed an opposition in which the Underwriter Defendants have filed a joinder, and the Fund has filed a reply. With respect to Hancock's motion, the Underwriter Defendants have filed a joinder in the motion, lead

counsel for plaintiffs has filed an opposition, and Hancock has filed a reply. Having reviewed the papers filed in support of and in opposition to the motions, the Court finds the matters appropriate for decision without oral argument, see Civil L.R. 7-1(b), and hereby VACATES the July 14, 2006 hearing.

As defendants argue, where the named plaintiffs in a class action lack standing, the action must be dismissed and new named plaintiffs with standing may not intervene. See, e.g., Lierboe v. State Farm Mutual Automobile Ins. Co., 350 F.3d 1018, 1022-23 and n.6 (9th Cir. 2003) (holding class action must be dismissed where named plaintiff lacks standing; noting "this is not a mootness case, in which substitution or intervention might have been possible"); Walters v. Edgar, 163 F.3d 430, 432-33, 437 (7th Cir. 1998) (affirming dismissal of class action where named plaintiffs lacked standing; rejecting argument that other members of the class should have been named as class representatives). Put another way, "intervention will not be permitted to breathe life into a nonexistent lawsuit." See McClune v. Shamah, 593 F.2d 482, 486 (3d Cir. 1979) (internal quotation and citations omitted).

In the instant case, the only named plaintiffs who asserted a § 11 claim against defendants were Martin Fox ("Fox") and Thomas Welch ("Welch"). Fox was dismissed as a named plaintiff for failure to prosecute, after he refused to participate in discovery, including discovery with respect to standing, and disobeyed the Court's order to file a declaration stating whether he wished to proceed as a named plaintiff. (See Docket Nos. 310, 318.) Thereafter, the Court granted defendants' motion for summary judgment on Welch's claims, on the ground Welch lacked standing. (See Docket No. 343.) Because Welch was found to lack standing, Brodsky and the Fund may intervene in the action to assert a § 11 claim only if Fox had standing to assert such a claim. See, e.g., Lierboe, 350 F.3d at 1022-23 and n.6; Walters, 163 F.3d at 432-33, 437.

Brodsky and the Fund have submitted no evidence, however, as to whether Fox had standing. With respect to the motions to intervene, Brodsky and the Fund bear "the burden of showing that all the requirements for intervention have been met." See United States v.

Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004) (emphasis in original).  With respect to the motion to dismiss for lack of subject matter jurisdiction, Brodsky and the Fund likewise bear the burden of proof.  See, e.g., Vacek v. United States Postal Service, 447 F.3d 1248, 1250 (9th Cir. 2006) (noting burden of establishing subject matter jurisdiction "rests upon the party asserting jurisdiction"); see also Trentacosta v. Frontier Pacific Aircraft Industries, Inc., 813 F.2d 1553, 1559 (9th Cir. 1987) (holding plaintiff bears burden of proof where defendant challenges factual basis for subject matter jurisdiction).  Contrary to Brodksy's and the Fund's argument, a lack of standing, which is a component of subject matter jurisdiction, is not subject to waiver.  See, e.g., Arbaugh v. Y&H Corp., 126 S.Ct. 1235, 1244 (2006) ("[S]ubject matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived"); United States v. Hays, 515 U.S. 737, 742 (1995) (noting standing "is perhaps the most important" of the jurisdictional doctrines and "is not subject to waiver").  Because Brodsky and the Fund have not met their burden of demonstrating Fox had standing to assert a § 11 claim, their motions to intervene will be denied and Hancock's motion to dismiss will be granted.

Accordingly,

1. Brodsky's motion to intervene is hereby DENIED.

2. The Fund's motion to intervene is hereby DENIED.

3.  Defendants' motion to dismiss is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: August 14, 2006

MAXINE M. CHESNEY
United States District Judge