United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In Re EXODUS COMMUNICATIONS, INC. SECURITIES LITIGATION

This Document Relates to: ALL ACTIONS
_____/

No. C-01-2661 MMC

**ORDER DENYING MOTION TO VACATE JUDGMENT; VACATING HEARING**

(Docket No. 367)

Before the Court is the motion, filed August 31, 2006 by "plaintiffs" and proposed intervenors Boilermaker-Blacksmith National Pension Fund ("Fund") and Ellen Brodsky ("Brodsky") (collectively, "proposed intervenors"),[1] to vacate the judgment pursuant to Rules 59(e) and 60(b)(1) of the Federal Rules of Civil Procedure. Defendant Ellen Hancock ("Hancock") has filed opposition to the motion. Defendants Goldman, Sachs, & Co., Merrill Lynch & Co., Morgan Stanley Dean Witter, and J.P. Morgan (collectively, "Underwriter Defendants") have filed a separate opposition. Proposed intervenors have filed a single reply. Having reviewed the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil

---

[1] It is unclear to whom the movants' use of the word "plaintiffs" refers. No named plaintiffs remained in the action as of August 31, 2006 and neither of the proposed intervenors has ever been a party to the action. Accordingly, the Court construes the movants to be the Fund and Brodsky.

L.R. 7-1(b), hereby VACATES the October 27, 2006 hearing, and rules as follows.

**BACKGROUND**

In an order filed August 14, 2006, the Court granted Hancock's motion to dismiss the instant action, in which the Underwriter Defendants joined, and denied the motions to intervene filed respectively by Brodsky and the Fund. (See Order Granting Defendants' Motion to Dismiss; Denying Ellen Brodsky's Motion to Intervene; Denying Boilermaker-Blacksmith National Pension Fund's Motion to Intervene, filed August 14, 2006 ("August 14 Order"), at 3.) As the parties are familiar with the relatively lengthy procedural and factual background of the subject action, the instant order omits a recapitulation of those events.

**DISCUSSION**

**A. Rule 59(e)**

Rule 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." See Fed. R. Civ. P. 59(e). "Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001). Here, proposed intervenors rely solely on the second prong of the above-referenced test.

In particular, proposed intervenors argue that the Court erred as a matter of law by holding they had the burden of demonstrating Fox had standing. In its August 14, 2006 order, the Court addressed in detail the reasons why the proposed intervenors bore the burden of proof, (see August 14 Order at 2-3); proposed intervenors have cited no authority suggesting such analysis was erroneous.

Proposed intervenors next argue that the Court committed clear error by "overlook[ing] uncontroverted evidence," (see Motion at 3:23-24), of Fox's standing, specifically, the certification filed by Fox September 9, 2003, pursuant to 15 U.S.C. § 78u-4(a)(2), and referenced in the Fund's reply in support of its motion to intervene. (See Fund Reply, filed June 30, 2006, at 5:7-8.) In the certification, Fox attests that he

purchased unspecified securities on February 6, 2001, February 13, 2001, and June 11, 2001. (See Grant Decl. Ex. A ¶ 4 and Schedule A.) Contrary to proposed intervenors' assertion, the Court considered and wholly discounted the certification because, as defendants point out, the certification does not demonstrate the securities Fox purchased were issued in or are traceable to Exodus's February 2001 offering, as required to bring a § 11 claim.[2] Consequently, as the Court concluded, proposed intervenors failed to demonstrate Fox had standing to assert a § 11 claim.

Accordingly, to the extent proposed intervenors seek relief pursuant to Rule 59(e), their motion will be denied.

### B. Rule 60(b)(1)

In the alternative, proposed intervenors seek relief from the judgment, pursuant to Rule 60(b)(1), on the ground that any failure on their part to submit evidence of Fox's standing was due to mistake, inadvertence, or excusable neglect.

Rule 60(b)(1) authorizes the Court to "relieve a party . . . from a final judgment" on the basis of "mistake, inadvertence, surprise, or excusable neglect." See Fed. R. Civ. P. 60(b)(1). Here, proposed intervenors argue that to the extent they were required to submit evidence of Fox's standing, "the failure to do so was, at worst, inadvertence or excusable neglect, particularly where, as occurred here, defendant Ellen Hancock's own motion to dismiss did not argue that none of the initial § 11 plaintiffs lacked standing and plaintiffs reasonably believed that such evidence was already before the Court in the form of Fox's

---

[2] Additionally, Fox's certification was signed July 18, 2001, nearly a year before a § 11 claim was first asserted in the instant action, and the initial complaints in the instant action did not allege misrepresentations in connection with the February 2001 offering. (See August 19, 2003 Order at 3:5-8 (noting First Amended Consolidated Class Action Complaint, filed July 11, 2002, expanded "the class period from 11 weeks (March 30, 2001 to June 20, 2001) to 73 weeks (April 20, 2000 to September 25, 2001)"). Under such circumstances, aside from its conclusory nature and any other ambiguity inherent therein, Fox's statement that he purchased "securities that are the subject of this action," (see Grant Decl. Ex. A ¶ 4), cannot be interpreted as a statement that the securities Fox purchased were issued in or traceable to the February 2001 offering that is the subject of the later-asserted § 11 claim.

3

certification and the Court's [August 19, 2003] ruling" on defendants' motions to dismiss.³ (See Motion at 6:19-22.) The Court disagrees with proposed intervenors' characterization of the record.

The motions to intervene and the motion to dismiss were scheduled for hearing together, and the briefing thereon collectively addressed the same key issue: whether Brodsky and the Fund could intervene in the action after all the claims of the named plaintiffs had been dismissed or resolved on summary judgment. In the course of the briefing on those motions, as defendants point out, proposed intervenors' attention was repeatedly directed to their need to address the issue of standing and proposed intervenors did, in fact, respond to that issue, but chose not to submit evidence in support of their position that Fox had standing.⁴

"Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret[.]" See Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1101 (9th Cir. 2006) (affirming denial of Rule 60(b)(1) motion where moving party argued she accepted Rule 68 offer only because of erroneous legal advice from her counsel); see also Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999) (affirming denial of Rule 60(b)(1) motion to set aside stipulation of dismissal; noting "a party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes"). As the Ninth Circuit has explained, "[f]or purposes of subsection (b)(1), parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel." See Latshaw, 452 F.3d at 1101.

---

³ On August 19, 2003, the Court denied defendants' motions to dismiss and held, inter alia, plaintiffs had "adequately *pled"* standing to assert a § 11 claim. (See August 19, 2003 Order at 28:8-9 (emphasis added).) The Court did not find any plaintiff had *submitted evidence* sufficient to prove standing.

⁴ See, e.g., Brodsky's Reply in Support of Motion to Intervene, filed May 26, 2006, at 1:14; Hancock's Surreply to Motion to Intervene, filed June 2, 2006, at 3:2-4; Motion to Dismiss, filed June 9, 2006, at 3:7-8; Hancock's Opp. to Fund's Motion to Intervene, filed June 23, 2006, at 2:13-15; Fund's Reply in Support of Motion to Intervene, filed June 30, 2006, at 5:7-11.

        Moreover, in cases in which relief under Rule 60(b)(1) has been found to be available or potentially available, the moving party typically has failed to meet a filing deadline, thus losing all opportunity to be heard.  See, e.g., Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380 (1993) (failure to file timely proof of claim in bankruptcy proceeding); Pincay v. Andrews, 389 F.3d 853 (9th Cir. 2004) (en banc) (failure to file timely notice of appeal); Bateman v. United States Postal Service, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (failure to file opposition to motion for summary judgment); Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381-82 (9th Cir. 1997) (failure to file timely opposition to motion to dismiss).  Here, by contrast, proposed intervenors did not miss a deadline or lose the opportunity to be heard; rather, they timely filed memoranda in support of their motions to intervene and in opposition to the motion to dismiss, and addressed the issue of Fox's standing, albeit inadequately.  There is no argument that proposed intervenors, at the time they filed their briefing in support of the motions to intervene and in opposition to the motion to dismiss, were unaware of the evidence they now wish to submit, let alone that it was unavailable.  Proposed intervenors cite no case in which a party who filed an inadequate memorandum has been granted a "second bite of the apple" under Rule 60(b)(1) to submit additional argument or evidence that was available at the time of the original filing.

        Finally, even if this Court were to consider the "new" evidence offered in connection with the instant motion, proposed intervenors still fail to demonstrate Fox purchased securities in or traceable to Exodus's February 2001 offering.  Proposed intervenors now submit Fox's brokerage account statement for the period May 26, 2001 through June 29, 2001, which shows Fox purchased Exodus securities on June 11, 2001, (see Grant Decl. Ex. B), as well as a declaration from Fox, in which Fox attests that, in addition to the securities purchased on June 11, 2001, he purchased Exodus 5-1/4% Convertible Subordinated Notes on February 6, 2001, February 13, 2001, and August 22, 2001.  (See Fox Decl. at 1.)  Proposed intervenors fail to present any argument, however, with respect to how such evidence demonstrates Fox purchased any of such securities in Exodus's

February 2001 offering or that such purchases are traceable to said offering.[5]

Accordingly, to the extent proposed intervenors seek to vacate the judgment pursuant to Rule 60(b)(1), their motion will be denied.

**CONCLUSION**

For the reasons set forth above, the motion to vacate judgment is hereby DENIED. This order terminates Docket No. 367.

**IT IS SO ORDERED.**

Dated: October 26, 2006

MAXINE M. CHESNEY
United States District Judge

---

[5] Indeed, Fox's declaration, which was filed the day after the motion to vacate was filed, is not mentioned in the motion or even in the reply.