1  COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
2  JOHN K. GRANT (169813)
   100 Pine Street, Suite 2600
3  San Francisco, CA  94111
   Telephone: 415/288-4545
4  415/288-4534 (fax)
   johnkg@csgrr.com
5       – and –
   JOY ANN BULL (138009)
6  655 West Broadway, Suite 1900
   San Diego, CA  92101
7  Telephone: 619/231-1058
   619/231-7423 (fax)
8  joyb@csgrr.com

9  WEISS & LURIE
   JOSEPH H. WEISS
10 551 Fifth Avenue, Suite 1600
   New York, NY  10176
11 Telephone: 212/682-3025
   212/682-3010 (fax)

   WEISS & LURIE
   JORDAN L. LURIE (130013)
   LEIGH A. PARKER (170565)
   10940 Wilshire Blvd., 24th Floor
   Los Angeles, CA  90024
   Telephone: 310/208-2800
   310/209-2348 (fax)

12 Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re EXODUS COMMUNICATIONS, INC. SECURITIES LITIGATION | Master File No. C-01-2661-MMC |
| | CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | AMENDED STIPULATION AND [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

WHEREAS, a class action is pending before the Court entitled *In re Exodus Communications, Inc. Securities Litigation*, Master File No. C-01-2661-MMC (the "Litigation");

WHEREAS, the Parties submit the Stipulation of Settlement dated as of April 9, 2008 (the "Stipulation") and filed on April 18, 2008, that has been entered into by the Lead Plaintiffs, the Representative Plaintiffs and Defendants, setting forth the terms of the settlement of the Litigation;

THEREFORE, the Parties, by and through their counsel, hereby stipulate as follows:

1.   All defined terms contained herein shall have the same meanings as set forth in the Stipulation.

2.   Pursuant to Federal Rule of Civil Procedure 23(e), the Parties jointly request the Court to enter this order preliminarily approving the settlement of this Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto and the Supplemental Agreement, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein.

3.     The Parties further jointly request that the Court find that the proposed notice procedures and the schedule of events set forth herein meet the requirements of Federal Rule of Civil Procedure 23 and due process.

IT IS SO STIPULATED.

DATED: July 11, 2008

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JOHN K. GRANT
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
EX KANO S. SAMS II
9601 Wilshire Blvd., Suite 510
Los Angeles, CA 90210
Telephone: 310/859-3100
310/278-2148 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JOY ANN BULL

/s/ Joy Ann Bull
------------------------------
JOY ANN BULL

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

WEISS & LURIE
JOSEPH H. WEISS
551 Fifth Avenue, Suite 1600
New York, NY 10176
Telephone: 212/682-3025
212/682-3010 (fax)

WEISS & LURIE
JORDAN L. LURIE
LEIGH A. PARKER
10940 Wilshire Blvd., 24th Floor
Los Angeles, CA 90024
Telephone: 310/208-2800
310/209-2348 (fax)

Co-Lead Counsel for Plaintiffs

STIPULATION AND [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE - C-01-2661-MMC                                                                     - 2 -

1   I, Joy Ann Bull, am the ECF User whose ID and password are being used to file this
2   Stipulation and [Proposed] Order Preliminarily Approving Settlement and Providing for Notice. In
3   compliance with General Order 45, X.B., I hereby attest David M. Furbush and Jonathan Dickey
4   have concurred in this filing.

5   DATED: July 14, 2008　　　　　　　　　PILLSBURY WINTHROP SHAW
　　　　　　　　　　　　　　　　　　　　　　　　　PITTMAN LLP
6　　　　　　　　　　　　　　　　　　　　　　DAVID M. FURBUSH

7

8   _____
　　　　　　　　　　　　　　　　　　　　　　　　DAVID M. FURBUSH
9

10　　　　　　　　　　　　　　　　　　　　　2475 Hanover Street
　　　　　　　　　　　　　　　　　　　　　　　Palo Alto, CA 94304
　　　　　　　　　　　　　　　　　　　　　　　Telephone: 650/233-4500
11　　　　　　　　　　　　　　　　　　　　　650/233-4545 (fax)

12　　　　　　　　　　　　　　　　　　　　　Counsel for Individual Defendants

13  DATED: July 11, 2008　　　　　　　　　GIBSON, DUNN & CRUTCHER LLP
　　　　　　　　　　　　　　　　　　　　　　　PAUL J. COLLINS
14

15

16   _____
　　　　　　　　　　　　　　　　　　　　　　　　PAUL J. COLLINS
17　　　　　　　　　　　　　　　　　　　　　1881 Page Mill Road
　　　　　　　　　　　　　　　　　　　　　　　Palo Alto, CA 94304
18　　　　　　　　　　　　　　　　　　　　　Telephone: 650/849-5300
　　　　　　　　　　　　　　　　　　　　　　　650/849-5333 (fax)
19
　　　　　　　　　　　　　　　　　　　　　　　Counsel for Underwriter Defendants
20

21   　　　　　　　　　　*　*　*

22   　　　　　　　　　　O R D E R

23   NOW, THEREFORE, IT IS HEREBY ORDERED:

24   1.   The Court does hereby preliminarily approve the Stipulation and the settlement set
25   forth therein, subject to further consideration at the Settlement Hearing described below.

26   2.   A hearing (the "Settlement Hearing") shall be held before this Court on October 31,
27   2008, at 9:00 a.m., at the United States Courthouse, 450 Golden Gate Avenue, San Francisco,
28   California, to determine whether the proposed settlement of the Litigation on the terms and

STIPULATION AND [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE - C-01-2661-MMC　　　　　　　　　　　　　　　　　　　　　- 3 -

1  I, Joy Ann Bull, am the ECF User whose ID and password are being used to file this
2  Stipulation and [Proposed] Order Preliminarily Approving Settlement and Providing for Notice. In
3  compliance with General Order 45, X.B., I hereby attest David M. Furbush and Jonathan Dickey
4  have concurred in this filing.

5  DATED: July 14, 2008                          PILLSBURY WINTHROP SHAW
                                                PITTMAN LLP
6                                               DAVID M. FURBUSH

7

8                                               _____
9                                                    DAVID M. FURBUSH

10                                              2475 Hanover Street
                                                Palo Alto, CA 94304
                                                Telephone: 650/233-4500
11                                              650/233-4545 (fax)

12                                              Counsel for Individual Defendants

13 DATED: July 11, 2008                         GIBSON, DUNN & CRUTCHER LLP
                                                PAUL J. COLLINS
14

15                                              /s/ Paul J. Collins
                                                _____
16                                                    PAUL J. COLLINS

17                                              1881 Page Mill Road
                                                Palo Alto, CA 94304
18                                              Telephone: 650/849-5300
                                                650/849-5333 (fax)
19
                                                Counsel for Underwriter Defendants
20

21                          *       *       *

22                                  **ORDER**

23  NOW, THEREFORE, IT IS HEREBY ORDERED:

24  1.  The Court does hereby preliminarily approve the Stipulation and the settlement set
25  forth therein, subject to further consideration at the Settlement Hearing described below.

26  2.  A hearing (the "Settlement Hearing") shall be held before this Court on October 31,
27  2008, at 9:00 a.m., at the United States Courthouse, 450 Golden Gate Avenue, San Francisco,
28  California, to determine whether the proposed settlement of the Litigation on the terms and

STIPULATION AND [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE - C-01-2661-MMC                                              - 3 -

conditions provided for in the Stipulation is fair, just, reasonable and adequate to the Settlement Class and Defendants and should be approved by the Court; whether a Judgment as provided in ¶1.11 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; to determine the amount of fees and expenses that should be awarded to plaintiffs' counsel. The Court may adjourn the Settlement Hearing without further notice to Members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, only for purposes of effectuating this settlement, a Settlement Class of all Persons who acquired securities of Exodus during the period between April 20, 2000 and September 25, 2001, inclusive, including but not limited to any of the common stock and 5-1/4% convertible notes issued in Exodus's February 2001 public offerings. Excluded from the Settlement Class are Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has or had majority voting control, current or former directors and officers of Exodus, and the legal representatives, heirs, successors, or assigns of any such excluded Person. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

4. With respect to the Settlement Class, this Court preliminarily finds for purposes of effectuating this settlement that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs and the Representative Plaintiffs are typical of the claims of the Settlement Class; (d) the Lead Plaintiffs, the Representative Plaintiffs and Co- Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the

desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

5.    The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶6 and 7 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6.    The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)    Not later than August 7, 2008 (the "Notice Date"), Co-Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Settlement Class Members who can be identified with reasonable effort;

(b)    Not later than August 7, 2008, Co-Lead Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily*; and

(c)    Not later than September 8, 2008, Co-Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

7.    Nominees who purchased the securities of Exodus for the beneficial ownership of Settlement Class Members during the Settlement Class Period shall send the Notice and the Proof of Claim to all beneficial owners of such Exodus securities within thirty (30) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within thirty (30) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Co-Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket

1  expenses incurred in providing notice to beneficial owners who are Settlement Class Members out of
2  the Settlement Fund, which expenses would not have been incurred except for the sending of such
3  Notice, subject to further order of this Court with respect to any dispute concerning such
4  compensation.

5        8.    All Members of the Settlement Class shall be bound by all determinations and
6  judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the
7  Settlement Class, and whether or not they submit a Proof of Claim, unless such persons request
8  exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.

9        9.    Settlement Class Members who wish to participate in the settlement shall complete
10 and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the
11 Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days
12 from the Notice Date. Any Settlement Class Member who does not timely submit a Proof of Claim
13 within the time provided for, shall be barred from sharing in the distribution of the proceeds of the
14 Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Co-Lead
15 Counsel may, in their discretion, accept late-submitted claims for processing by the Claims
16 Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

17       10.    Any Member of the Settlement Class may enter an appearance in the Litigation, at
18 their own expense, individually or through counsel of their own choice. If they do not enter an
19 appearance, they will be represented by Co-Lead Counsel.

20       11.    Any Person falling within the definition of the Settlement Class may, upon request,
21 be excluded from the Settlement Class. Any such Person must submit to the Claims Administrator a
22 request for exclusion ("Request for Exclusion"), postmarked no later than October 7, 2008. A
23 Request for Exclusion must state: (a) the name, address, and telephone number of the Person
24 requesting exclusion; (b) each of the Person's purchases and sales of Exodus securities made during
25 the Settlement Class Period, including the dates of purchase or sale, the number of shares purchased
26 and/or sold, and the price paid or received per share for each such purchase or sale; and (c) that the
27 Person wishes to be excluded from the Settlement Class. All Persons who submit valid and timely
28 Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the

1  Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by
2  the Stipulation or the Judgment entered in the Litigation.

3        12.    Any Member of the Settlement Class may appear and show cause, if he, she or it has
4  any, why the proposed settlement of the Litigation should or should not be approved as fair,
5  reasonable and adequate or why a judgment should or should not be entered thereon. Any Member
6  of the Settlement Class may appear and show cause, if he, she or it has any, why the Plan of
7  Allocation should or should not be approved, why attorney fees and expenses should or should not
8  be awarded to plaintiffs' counsel. However, no Settlement Class Member or any other Person shall
9  be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by first
10 class mail written objections and copies of any papers and briefs such that they are received on or
11 before October 7, 2008, by Coughlin Stoia Geller Rudman & Robbins LLP, Joy Ann Bull, 655 W.
12 Broadway, Suite 1900, San Diego, CA 92101, Weiss & Lurie, Leigh A. Parker, 10940 Wilshire
13 Blvd., 24th Floor, Los Angeles, CA 90024, Pillsbury Winthrop Shaw Pittman LLP, David M.
14 Furbush, 2475 Hanover Street, Palo Alto, CA 94304, and Gibson, Dunn & Crutcher LLP, Jonathan
15 Dickey, 1881 Page Mill Road, Palo Alto, CA 94304, and filed said objections, papers and briefs with
16 the Clerk of the United States District Court for the Northern District of California, on or before
17 October 7, 2008. Any Member of the Settlement Class who does not make his, her or its objection
18 in the manner provided above shall be deemed to have waived such objection and shall forever be
19 foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set
20 forth in the Stipulation, to the Plan of Allocation, or to the award of attorney fees and expenses to
21 plaintiffs' counsel, unless otherwise ordered by the Court.

22       13.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia*
23 *legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such
24 funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25       14.    All papers in support of the settlement, the Plan of Allocation, and any application by
26 plaintiffs' counsel for attorney fees or expenses shall be filed and served no later than September 8,
27 2008. Any reply briefs will be filed and served no later than October 17, 2008.

28

15. Neither Defendants nor their Related Parties shall have any responsibility for the Plan of Allocation, the determination, administration or calculation of claims, or the payment or withholding of taxes, or any application for attorney fees or expenses submitted by plaintiffs' counsel, or any losses incurred therewith; and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

16. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Co-Lead Counsel, and any application for attorney fees or expenses shall be approved.

17. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

18. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

19. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Settlement Class and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

20. If (a) the settlement is terminated by plaintiffs or Defendants or (b) any specified condition to the settlement set forth in the Stipulation is not satisfied and the satisfaction of such condition is not waived by the parties thereto, or (c) the Court rejects, in any respect, the Final Judgment in substantially the form and content annexed to the Stipulation and Co-Lead Counsel and Defendants' counsel do not consent to the entry of another form of order in lieu thereof, or (d) the settlement reflected in the Stipulation or this Order does not become effective for any reason, then, in any such event, this Order shall be null and void as to the applicable parties, of no further force and effect, and without prejudice to any party, and may not be introduced as evidence or referred to

STIPULATION AND [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE - C-01-2661-MMC                                                                               - 8 -

in any actions or proceedings by any person or entity, and each party shall be restored to his or her or its respective position as it existed immediately prior to the execution of the Stipulation.

IT IS SO ORDERED.

DATED: __July 15, 2008__                    _____
                                            THE HONORABLE MAXINE M. CHESNEY
                                            UNITED STATES DISTRICT JUDGE

S:\Settlement\Exodus.set\(V2) EA-00046097-(2).doc