1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re EXODUS COMMUNICATIONS, INC. SECURITIES LITIGATION | Master File No. C-01-2661-MMC |
| | CLASS ACTION |
| This Document Relates To: | [PROPOSED] AMENDED FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| ALL ACTIONS. | |

DATE:        October 31, 2008
TIME:        9:00 a.m.
COURTROOM:  The Honorable
                      Maxine M. Chesney

1    This matter came before the Court for hearing pursuant to the Order of this Court, dated July

2    15, 2008, on the application of the Parties for approval of the settlement set forth in the Stipulation

3    of Settlement dated as of April 9, 2008, and the Amendment to the Stipulation of Settlement filed on

4    October 7, 2008 (collectively, the "Stipulation"). Due and adequate notice having been given to the

5    Settlement Class as required in said Order, and the Court having considered all papers filed and

6    proceedings had herein and otherwise being fully informed in the premises and good cause

7    appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

8        1.    This Judgment incorporates by reference the definitions in the Stipulation, and all

9    terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set

10   forth herein.

11       2.    This Court has jurisdiction over the subject matter of the Litigation and over all

12   Parties to the Litigation, including all Members of the Settlement Class.

13       3.    Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the

14   settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, just,

15   reasonable, and adequate to the Settlement Class and Defendants.

16       4.    The Court finds the objections submitted by Seema Godiwala, Michael Scott and

17   Albert W. King to be without merit and hereby overrules each of these objections.

18       5.    Except as to any individual claim of those Persons (identified in Exhibit 1 hereto)

19   who have validly and timely requested exclusion from the Settlement Class, the Litigation and all

20   claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the

21   Lead Plaintiffs, Representative Plaintiffs and the other Members of the Settlement Class, as against

22   the Defendants and their Related Parties. The Parties are to bear their own costs, except as otherwise

23   provided in the Stipulation.

24       6.    The Court finds that the Stipulation and settlement are fair, just, reasonable, and

25   adequate as to each of the Parties, and that the Stipulation and settlement are hereby finally approved

26   in all respects, and the Parties are hereby directed to perform its terms.

27       7.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby

28   certifies, for purposes of effectuating this settlement, a Settlement Class of all Persons who acquired

[PROPOSED] AMENDED FINAL JUDGMENT AND ORDER OF DISMISSAL WITH
PREJUDICE - C-01-2661-MMC                                                                - 1 -

1    securities of Exodus during the period between April 20, 2000 and September 25, 2001, inclusive,

2    including but not limited to any of the common stock and 5-1/4% convertible notes issued in

3    Exodus' February 2001 public offerings.  Excluded from the Settlement Class are Defendants,

4    members of the immediate families of the Individual Defendants, any entity in which any Defendant

5    has or had majority voting control, current or former directors and officers of Exodus, and the legal

6    representatives, heirs, successors, or assigns of any such excluded Person.  Also excluded from the

7    Settlement Class are those Persons who timely and validly requested exclusion from the Settlement

8    Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

9        8.    With respect to the Settlement Class, this Court finds for the purposes of effectuating

10   this settlement that (a) the Members of the Settlement Class are so numerous that joinder of all

11   Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact

12   common to the Settlement Class which predominate over any individual questions; (c) the claims of

13   the Lead Plaintiffs and the Representative Plaintiffs are typical of the claims of the Settlement Class;

14   (d) the Lead Plaintiffs, the Representative Plaintiffs and Co-Lead Counsel have fairly and adequately

15   represented and protected the interests of all of the Settlement Class Members; and (e) a class action

16   is superior to other available methods for the fair and efficient adjudication of the controversy,

17   considering: (i) the interests of the Members of the Settlement Class in individually controlling the

18   prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the

19   controversy already commenced by Members of the Settlement Class; (iii) the desirability or

20   undesirability of continuing the litigation of these claims in this particular forum; and (iv) the

21   difficulties likely to be encountered in the management of the Litigation.

22       9.    Upon the Effective Date hereof, the Lead Plaintiffs, the Representative Plaintiffs and

23   each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment

24   shall have, fully, finally, and forever released, relinquished and discharged all Released Claims

25   against the Released Persons, whether or not any such Settlement Class Member executes and

26   delivers the Proof of Claim and Release.

27       10.   All Settlement Class Members are hereby forever barred and enjoined from

28   prosecuting any of the Released Claims against the Released Persons.

11.     Upon the Effective Date hereto, each of the Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Settlement Class Members and counsel to the Lead Plaintiffs and the Representative Plaintiffs from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

12.     The Notice of Pendency and Proposed Settlement of Class Action ("Notice") given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Settlement Class who could be identified through reasonable effort.   Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice. The Notice and the Summary Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

13.     Any plan of allocation submitted by Co-Lead Counsel or any order entered regarding any attorney fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

14.     Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of

[PROPOSED] AMENDED FINAL JUDGMENT AND ORDER OF DISMISSAL WITH
PREJUDICE - C-01-2661-MMC                                                    - 3 -

1 the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund;

2 (c) hearing and determining applications for attorney fees, interest and expenses in the Litigation;

3 and (d) all Parties for the purpose of construing, enforcing and administering the Stipulation.

4       16.    The Court finds that during the course of the Litigation, the Parties and their

5 respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure

6 11.

7       17.    In the event that the settlement does not become effective in accordance with the

8 terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement

9 Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall

10 be rendered null and void to the extent provided by and in accordance with the Stipulation and shall

11 be vacated and, in such event, all orders entered and releases delivered in connection herewith shall

12 be null and void to the extent provided by and in accordance with the Stipulation.

13       IT IS SO ORDERED.

14

15 DATED:   October 31, 2008

16                               THE HONORABLE MAXINE M. CHESNEY
                                 UNITED STATES DISTRICT JUDGE

17

18 Submitted by:

19 COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
   JOHN K. GRANT

20 100 Pine Street, Suite 2600
   San Francisco, CA 94111

21 Telephone: 415/288-4545
   415/288-4534 (fax)

22

23 COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
   EX KANO S. SAMS II

24 9601 Wilshire Blvd., Suite 510
   Los Angeles, CA 90210

25 Telephone: 310/859-3100
   310/278-2148 (fax)

26

27

28

[PROPOSED] AMENDED FINAL JUDGMENT AND ORDER OF DISMISSAL WITH
PREJUDICE - C-01-2661-MMC                                     - 4 -

1 

COUGHLIN STOIA GELLER RUDMAN &
2 ROBBINS LLP
JOY ANN BULL
3 

4 

5 _____s/ Joy Ann Bull_____
JOY ANN BULL
6 

655 West Broadway, Suite 1900
7 San Diego, CA 92101-3301
Telephone: 619/231-1058
8 619/231-7423 (fax)

9 WEISS & LURIE
JOSEPH H. WEISS
10 551 Fifth Avenue, Suite 1600
New York, NY 10176
11 Telephone: 212/682-3025
212/682-3010 (fax)
12 

WEISS & LURIE
13 JORDAN L. LURIE
LEIGH A. PARKER
14 10940 Wilshire Blvd., 24th Floor
Los Angeles, CA 90024
15 Telephone: 310/208-2800
310/209-2348 (fax)
16 

Co-Lead Counsel for Plaintiffs
17 
S:\Settlement\Exodus.set\AMENDED FINAL JUDGMENT 00054140.doc
18 

19 

20 

21 

22 

23 

24 

25 

26 

27 

28 

[PROPOSED] AMENDED FINAL JUDGMENT AND ORDER OF DISMISSAL WITH
PREJUDICE - C-01-2661-MMC                                                    - 5 -

# EXHIBIT 1

*Exclusion*

DISTRICT COURT
ICT OF CALIFORNIA

RECEIVED TS

AUG 2 5 2008

CLAIMS CENTER

)
)   Master File No. C-01-2661-MMC
)
)   CLASS ACTION
)
This Document Relates To:                    )
)
ALL ACTIONS.                             )
)
)

PROOF OF CLAIM AND RELEASE

### I.   GENERAL INSTRUCTIONS

1.   To recover as a Member of the Settlement Class based on your claims in the action entitled *In re Exodus Communications, Inc. Securities Litigation*, Master File No. C-01-2661-MMC (the "Litigation"), you must complete and, on page 10 hereof, sign this Proof of Claim and Release. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Litigation.

2.   Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Litigation.

3.   **YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE NOVEMBER 5, 2008, ADDRESSED AS FOLLOWS:**

*Exodus Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

If you are NOT a Member of the Settlement Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action) DO NOT submit a Proof of Claim and Release form.

4.   If you are a Member of the Settlement Class, and you do not timely request exclusion, you are bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

### II.   CLAIMANT IDENTIFICATION

1.   If you acquired Exodus securities and held the certificate(s) in your name, you are the beneficial acquirer as well as the record acquirer. If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial acquirer and the third party is the record acquirer.

2.   Use Part I of this form entitled "Claimant Identification" to identify each acquirer of record ("nominee"), if different from the beneficial acquirer of Exodus securities that forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL ACQUIRER OR ACQUIRERS, OR THE LEGAL REPRESENTATIVE OF SUCH ACQUIRER OR ACQUIRERS OF THE EXODUS SECURITIES UPON WHICH THIS CLAIM IS BASED.

3.   All joint acquirers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

### III.   CLAIM FORM

1.   Use Part II of this form entitled "Schedule of Transactions in Exodus Securities" to supply all required details of your transaction(s) in Exodus securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

*we do not wish To be a*        *August 12, 2008*
*Member of The settlement Class*      **Exhibit 1**   *Virginia Share... Gaye*
*m... wish Fr...*



USA FIRST-CLASS FOREVER

19 AUG 2008 PM 6 L

Exodus Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040





EXOD1



EXOD1
EXCL00002

organ

RECEIVED TC
AUG 29 2008
CLAIMS CENTER

August 28, 2008

Exodus Communications Securities Litigation
ATTN: Exclusions Dept.
C/O Gilardi & Co LLC
3301 Kerner Blvd.
San Rafael, CA 94901

RE: Exodus Communications Securities Litigation

Dear Gilardi :

The following JPMorgan account ▮▮▮▮▮ARTHRITIS CLINIC P/S DR
RANGARAJ 158 hereby requests exclusion from the Exodus Communications Securities
Litigation.

Attached is a report detailing transactions for account ▮▮▮▮▮▮ If you have any
questions or require further documentation please contact Georgi Popov at ▮▮▮▮▮
▮▮▮▮

Sincerely,

Georgi Popov
Class Action Specialist

| Account # | CUSIP | Asset Name | Transaction Type | Trade Date | Shares | Price Per Share | Net Amount | Misc Info |
|---|---|---|---|---|---|---|---|---|
| ████ | 302088109 | Exodus Communications | B | 4/20/2000 | 100.00 | | | |
| | 302088109 | Exodus Communications | Stock Split | 6/21/2000 | 100.00 | | | |
| | 302088109 | Exodus Communications | P | 4/4/2001 | 800.00 | 6.38 | 5100.00 | Stk Div Stock Split |
| | 302088109 | Exodus Communications | U | 9/25/2001 | 1000.00 | | | |

EXOD1   00002   2/2

**UPS Worldwide Express™**
**UPS 2nd Day Air®**

**Apply shipping documents on this side.**

Do not use this envelope for:

**UPS Ground**
**UPS Standard**
**UPS 3 Day Select®**
**UPS Worldwide Expedited™**

PCS OPERATIONS - CHUCK FAY          LTR
JP MORGAN PCS OPERATIONS

SHIP TO:
EXODUS COMMUNICATIONS EXCLUSION
GILARDI & CO. LLC
3301 KERNER BLVD
SAN RAFAEL   CA 94901

RECEIVED PR

AUG 2 9 2008

CLOSURE CA 949ER-02



UPS NEXT DAY AIR          1

TRACKING #: 1Z 00X 0W6 01 5218 6229

BILLING: P/P



EXOD/

Acco                              P SUPPORT

WS   9.0.49          LP2844 01.0A 07/2008

EXclusion

GILARDI &
3301 KERNER BLVD
SAN RAFAEL CA 94901-4858

P:BOTTOM s:IN
123-1021
1.41F

1ZODX0W60152186229

International Shipping Notice -- Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

Call **1-800-PICK-UPS®** (1-800-742-5877) or visit **UPS.com®**

- For UPS Next Day Air services, there is no weight limit for envelopes containing letters, business correspondence, urgent documents, and electronic media. When a UPS Next Day Air service is selected, UPS Express Envelopes containing items other than those listed above are subject to the corresponding rates for the applicable weight.

- For UPS Worldwide Express, the UPS Express Envelope may be used only for documents of no commercial value. There is no limit on the weight or number of pages you can enclose.

- For UPS 2nd Day Air services, UPS Express Envelopes weighing one pound or more are subject to the corresponding rates for the applicable weight.

- Do not send cash or cash equivalent.



SEP 0 8 2008

CLAIMS CENTER

:a Mulzer

Sept. 2, 2008

Exodus Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
PO Box 8040
San Rafael, CA 94912-8040

Re claim; Exodus Securities Litigation

Dear Sirs:

I wish <u>not</u> to participate in the settlement relief offered by your firm for the above mentioned claim and request exclusion. Please put me on your "do not represent on any class action litigation" list.

Thank you

Andrea Mulzer
Andrea Mulzer



04 SEP 2008 PM 1 L

RECEIVED *E.C.*

SEP 0 8 2008

CLAIMS CENTER

*Exodus Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

EXOD1



RECEIVED

SEP 0 9 2008

CLAIMS CENTER

ılzer L.P.

Sept. 2, 2008

Exodus Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
PO Box 8040
San Rafael, CA 94912-8040

Re claim; Exodus Securities Litigation

Dear Sirs:

K&A Mulzer LP wishes <u>not</u> to participate in the settlement relief offered by your firm for the above mentioned claim and request exclusion.  Please put my company on your "do not represent on any class action litigation" list.

Thank you

Kenneth Mulzer GP
K&A Mulzer LP



05. SEP 2008 PM 11 L

RECEIVED

SEP 0 9 2008

CLAIMS CENTER

*Exodus Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

EXOD1

EXOD+
EXCL00005

ı J Mulzer

RECEIVED TS
SEP 0 9 2008
CLAIMS CENTER

Sept. 2, 2008

Exodus Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
PO Box 8040
San Rafael, CA 94912-8040

Re claim; Exodus Securities Litigation

Dear Sirs:

I wish <u>not</u> to participate in the settlement relief offered by your firm for the above mentioned claim and request exclusion. Please put my name on your "do not represent on any class action litigation" list.

Thank you

Kristin J Mulzer



05 SEP 2008 PM 1 T

RECEIVED AA.

SEP 0 9 2008

CLAIMS CENTER

*Exodus Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

EXOD1

RECEIVED
SEP 1 5 2008
CLAIMS CENTER



B. Scott Wiley

September 12, 2008

Exodus Securities Litigation
EXCLUSIONS
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA  94912-8040

I wish to be excluded from In re Exodus Communications, Inc. Securities Litigation, Master File No. C-01-2661-MMC.  Enclosed please find a copy of my brokerage trades verifying my buying and selling of Exodus during the periods in question.

Cordially,

B. Scott Wiley

To Whom It May Concern:

I, lived in ████████████ from July, 2001 to June, 2002.  During that time I acquired EXODUS common shares and lost substantial funds as a result of their subsequent bankruptcy.  I am one of those shareholders who believe that I was purposely misled by the company representatives.  Less than a month prior to Exodus' announced bankruptcy I made a trip to their campus and requested to see a shareholder representative.  The secretary in the lobby made a phone call forwarding my request.  As I waited I noted the appearance of a tall gentlemen gliding down an open mezzanine above me with his arms outstretched in bird fashion, which elicited a snicker from the secretary who had evidently called him.  He traversed the staircase and introduced himself as the Vice President of Customer Relations.     In a condescending and dismissive manner, he assured me that Exodus was financially sound, viable and in so many words that Exodus was in no danger of going under.  In hindsight I have often thought that he was correct.  When the company was absorbed by Cable Wireless I am sure he and many other seniors maintained their positions; that the "We" he was referring to did not include the shareholder.  He was either woefully uninformed or woefully callused.

B. Scott Wiley

00006

2/2



12 SEP 2008. PM 2 T

RECEIVED ΛΛ

SEP 1 5 2008

CLAIMS CENTER

Exodus Securities litigation
EXCLUSIONS
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA. 94912-8040

949i2+8040

B. Scott Wiley

RECEIVED TS

SEP 1 6 2008

CLAIMS CENTER

9-11-08... CLAIMS ADMINISTRATOR
EXODUS SECURITIES

I WISH TO BE EXCLUDED FROM
ANY AND ALL DOINGS REGARDING
LAWSUITS AND SETTLEMENTS ETC
(MAILINGS ETC) HAVING TO DO
WITH EXODUS.

MARTHA A. ARMBRUSTER

ACQUIRED 100 SHARES EXDS
AT $51.75 ON 6-21-2000: EXECUTED
6-26-2000: SETTLEMENT

PRINCIPAL       5,175.00
COMMISSION         49.50
                5,224.50

IS THIS CLEAR? IT'S OVER!
BAD INVESTMENT — I'VE MOVED ON

THANK YOU.   Martha A. Armbruster



USA FIRST-CLASS FOREVER

15 SEP 2008 PM 9 L

RECEIVED

SEP 1 6 2008

CLAIMS CENTER

Exodus Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

J.M. Brewster

EXOD1



RECEIVED
SEP 1 7 2008
CLAIMS CENTE

Sept 9, 2008

**Exodus Securities Litigation**
**Claims Administrator**
**c/o Gilardi & Co. LLC**
**P.O. Box**
**San Rafael, CA 94912-8040**

I want to exclude myself from the Settlement Class in re Exodus
Communications, Inc Securities Litigation, Master File No
C-01-2661-MMC

Helen M. Philpott

# of Shares  150
Bought Oct 20, 2000
Sold May 2, 2001

P.S. This is my current address, different from the one you have
on File.



USA FIRST-CLASS FOREVER

15 SEP 08 PM 10 T

RECEIVED E.C.

SEP 1 7 2008

CLAIMS CENTER

Exodus Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

EXOD1



SEP 2 2 2008
CLAIMS CENT

September 19, 2008

To Whom It May Concern:

After receiving a "<u>Settlement of Class Action</u>" notice in the mail, we have decided to send this "Exclusion Request" letter asking to be excluded from the Class Action listed below:

In re Exodus Communications, Inc. Securities Litigation,
Master File No. C-01-2661-MMC

Thank you,

Gordon Tam
Leeanne Denise Tam



USA FIRST-CLASS FOREVER

20 SEP 2008 PM 3 L

RECEIVED
SEP 2 2 2008
CLAIMS CENTER

*Exodus Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

Leeanne Tam

EXOD1





NY OF THE WEST

RECEIVED T

SEP 2 9 2008

CLAIMS CENTER

**MARGARET A. JONES**
ASSISTANT VICE PRESIDENT



**TCW**

September 26, 2008

Exodus Securities Litigation
EXCLUSIONS
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA  94912-8040

Re: ▇▇▇▇▇▇▇▇▇▇ Hi Charitable Rem-MC
Mr. & Mrs. Jon Kayyem
▇▇▇▇▇▇▇▇▇

**Jon Kayyem requests exclusion from the Exodus Securities Litigation**
_**Class Action No. C-01-2661-MMC**_

Signed by: *Margaret Jones*
Margaret Jones
*Trust Company of the West as Custodian for* ▇▇▇▇▇▇▇▇▇▇▇▇ *Hi Charitable*
*Rem-MC* ▇▇▇▇

Tel: ▇▇▇▇▇▇
Fax: ▇▇▇▇▇▇

List of Transactions:

| TCW Account Number | TCW Account Name | CUSIP | Trans | Trade Date | Base Unit Price | Shs | Total Dollar Amount | Cust By | Custodian Account Number |
|---|---|---|---|---|---|---|---|---|---|
| | IFIN, LP-MC | 302088109 | Buy | 11/06/00 | 34.75 | 500 | -17375.00 | IBT | |
| | IFIN, LP-MC | 302088109 | Sell | 12/22/00 | 22.89 | -50 | 1144.51 | IBT | |
| | IFIN, LP-MC | 302088109 | Sell | 12/26/00 | 22.45 | -50 | 1122.36 | IBT | |
| | IFIN, LP-MC | 302088109 | Sell | 12/27/00 | 20.31 | -50 | 1015.55 | IBT | |
| | IFIN, LP-MC | 302088109 | Sell | 06/21/01 | 1.36 | -350 | 477.21 | IBT | |
| | HI CHARITABLE REM-MC | 302088109 | Buy | 06/13/01 | 6.27 | 750 | -4702.50 | IBT | |
| | HI CHARITABLE REM-MC | 302088109 | Sell | 06/21/01 | 1.36 | -750 | 1022.59 | IBT | |

Feb 20 2007 7:09AM   Kayyem                                                      p.1

February 2 0 , 2007

Rosa Gutierrez

████████████████

Re: IFIN, LP – Tax ID █████████
    Kayyem Living Trust ████████████
    HJ CRUT – Tax ID ████████

Dear Rosa,

Please be advised that IFIN, LP, Kayyem Living Trust, and HI CRUT do not wish to participate
in any class action lawsuits related to their securities held in their TCW accounts, past or present.
Please let this letter serve as standing notice not to participate in them at any time for the above
referenced accounts.

Thank you for your attention to this matter.

Sincerely,

Jon Faiz Kayyem

Cc: Kerrie Riker, Acacia Wealth Advisors, LLC ██████████

00010        2/5

**Jones, Margaret**

| | |
|---|---|
| **From:** | McCarthy, Michael P. ██████████████ |
| **Sent:** | Wednesday, March 14, 2007 1:02 PM |
| **To:** | Jones, Margaret; Class Action Desk; MW-GSS-Regulatory Reporting |
| **Cc:** | Stokes, Karen |
| **Subject:** | RE: Exclusion From All Class Actions Request |

Hi Margaret,

We will have those accounts excluded from our database and we will not file for any actions going forward.

Thank you,

Mike McCarthy
**Class Actions**
████████████

**From:** Jones, Margaret ██████████████
**Sent:** Wednesday, March 14, 2007 4:01 PM
**To:** Class Action Desk; MW-GSS-Regulatory Reporting
**Cc:** Jones, Margaret; Stokes, Karen
**Subject:** Exclusion From All Class Actions Request
**Importance:** High

Per the attached request, do not file any class action claims on behalf of the following accounts.  Please confirm that the followings accounts will be excluded from all class actions.



| | | | |
|---|---|---|---|
| PF #: | | | |
| A/C No: | | | |
| Portfolio Name: | IFIN, LP-CC | IFIN, LP | IFIN, LP |
| Tax ID: | | | |
| Contact Name: | Mr. & Mrs. Jon Kayyem | Mr. & Mrs. Jon Kayyem | Mr. & Mrs. Jon Kayyem |
| Address | | | |
| Telephone No. | | | |
| PF #: | | | |
| A/C No: | | | |
| Portfolio Name: | HI CHARITABLE REM | HI CHARITABLE REM-MC | |
| Tax ID: | | | |
| Contact Name: | Mr. & Mrs. Jon Kayyem | Mr. & Mrs. Jon Kayyem | |
| Address | | | |
| Telephone No. | | | |
| PF #: | | | |
| A/C No: | | | |
| Portfolio Name: | KAYYEM FAMILY TRUST | | |
| Tax ID: | | | |
| Contact Name: | Mr. & Mrs. Jon Kayyem | | |

3/14/2007

3/5

**Address**        

**Telephone No.**

Thank you very much for your assistance in this matter.

Sincerely,
-Margaret Jones



Margaret Jones  |  AVP  |  Trust Company of the West  |
phone:          |  fax:          email:

Attention: This email is intended for the sole use of the intended recipient(s) and may contain confidential or privileged information. No one is authorized to copy or re-use this email or any information contained in it. If you are not the intended recipient, we request that you please notify us by reply email and destroy all copies of the message and any attachments. Thank you for your cooperation.

00010    4/5

3/14/2007

## Jones, Margaret

| | |
|---|---|
| **From:** | Pool Richard J ▮▮▮▮▮▮▮▮ |
| **Sent:** | Wednesday, September 12, 2007 10:17 AM |
| **To:** | Jones, Margaret |
| **Subject:** | Never File Accounts |

Per our previous agreement, here is the list of accounts for which we will never file class actions.

Richard

## IFIN Always Exclude/Never File

**Mellon AC #   TCW PF #     Name**



IFIN, LP-CC
IFIN, LP-LV
Kayyem Family Trust
 Hi Charitable Rem
IFIN, LP-MC
Hi Charitable Rem-MC

**Richard J. Pool**
BNY Mellon Asset Servicing



**The information contained in this e-mail may be confidential and is intended solely for the use of the named addressee.**
**Access, copying or re-use of the e-mail or any information contained therein by any other person is not authorized.**
**If you are not the intended recipient please notify us immediately by returning the e-mail to the originator.(16b)**

Disclaimer Version MB.US.1

00010        5/5

9/12/2007

CALL 1-800-222-1811 FOR PICKUP OR TRACKING OF ALL YOUR PACKAGES

Hasler

$ 16.500
US POSTAGE

www.usps.com

**EXPRESS MAIL**

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE®

Addressee Copy
Label 11-F June 2002

Post Office To Addressee

RECEIVED
SEP 29 2006
CLAIMS CENTER

1. COMPLETE LABEL

**ORIGIN (POSTAL USE ONLY)**

PO ZIP Code

Day of Delivery
☐ Next   ☐ Second   ☐ 12 Noon

Date In
Mo.  Day  Year

Time In
☐ AM   ☐ PM

Weight
lbs.   ozs.

No Delivery
☐ Weekend   ☐ Holiday

Military
☐ 2nd Day   ☐ 3rd Day

Int'l Alpha Country Code

Acceptance Clerk/Initials

**CUSTOMER USE ONLY**
METHOD OF PAYMENT:
Express Mail Corporate Acct. No.

Flat Rate Envelope
Postage
$
Return Receipt Fee
COD Fee   Insurance Fee
Total Postage & Fees
$

**DELIVERY (POSTAL USE ONLY)**

Delivery Attempt
Mo.  Day   Time ☐ AM ☐ PM   Employee Signature

Delivery Attempt
Mo.  Day   Time ☐ AM ☐ PM   Employee Signature

Delivery Date
Mo.  Day   Time ☐ AM ☐ PM   Employee Signature

WAIVER OF SIGNATURE

NO DELIVERY
☐ Weekend   ☐ Holiday

Customer Signature

FROM: (PLEASE PRINT)   PHONE
MARGARET JONES

TO: (PLEASE PRINT)   PHONE
Exodus Securities Litigation
EXCLUSIONS
Claims Administrator
c/o Gilardi & Co, LLC
P.O. Box 3040
San Rafael, CA 94912-3040

Re: 3367 & 3369

FOR PICKUP OR TRACKING CALL 1-800-222-1811   www.usps.com

PRESS HARD.
You are making 3 copies.

Use Express Mail FLAT RATE postage. Some restrictions apply. We Deliver.

*EXOD1-
MMC001*

OCT 0 2 2008

CLAIMS CENTER

2008

## Exclusion Request

Attn: Claims Administrator

I, Domenica M. Macerata, want to be excluded

from In re Exodus Communications, Inc.

Securities Litigation, Master File No. C-01-2661-MMC

I do not know (if any) the number of shares

of Exodus securities acquired, the number

of shares sold and the dates of such

acquisitions and sales, between

April 20, 2000 and September 25, 2001.

This would have been handled by my

Financial Advisor at Morgan Stanley, Erie, PA.

I do not want to participate and I want to be

excluded.

DOMENICA M. MACERATA

Domenica M. Macerata



USA FIRST-CLASS FOREVER

29 SEP 2008 PM 1 L

RECEIVED A.A.

OCT 0 2 2008

CLAIMS CENTER

Ms. Domenica Macerata



Exodus Securities Litigation
Exclusions
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

94912+8040



OCT 0 3 2008

CLAIMS CENTER



September 30, 2008

Exodus Securities Litigation
  EXCLUSIONS
Claims Administrator
c/o Gilardi & Co. LLC
P. O. Box 8040
San Rafael, CA  94912-8040

Dear Claims Administrator:

I would like to be excluded from In re Exodus Communications, Inc. Securities Litigation,
Master File No. C-01-2661-MMC.

My name is Ronald Gee, ████████████████████████████████

I bought 100 shares of Exodus Communications on July, 13, 2000, at $4,893,75. These shares
were never sold.

Yours truly,

*Ronald Gee*

Ronald Gee



USA 37

RECEIVED AA

OCT 03 2008

CLAIMS CENTER

Exodus Securities Litigation, *EXCLUSIONS*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

Mr. Ronald Gee

EXOD1



RECEIVED TS

OCT 0 7 2008

CLAIMS CENTER

Exodus Securities Litigation
EXCLUSIONS
Claims Administrator
c/o Gilardi & Co LLC
P. O. Box 8040
San Rafael, CA 94912-8040

Gentlemen:

As the purchaser of 200 shares of Exodus common stock on 4 28 2000, and
simultaneous seller of 2 june 110 call contracts, I wish to be excluded from
In re Exodus Communications Inc Securities Litigation, Master File No. C-01-2661
MMC.

Ernst O. Larsson



RECEIVED *A.A.*

OCT 0 7 2008

CLAIMS CENTER

DRUMS PA
18222

Exodus Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

EXOD1

RECEIVED

OCT 0 8 2008

CLAIMS CENTER

*EXOD1-
EXCL0016*

Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

To Whom It May Concern:

Regrettably, I must ask to be excluded from *In re Exodus Communications, Inc.
Securities Litigation,* Master File No. C-01-2661-MMC, since I am already a settlement
class member of *In re Merrill Lynch Research Reports Securities Litigation.*

Shares of Exodus securities purchased between April 20, 2000 and September 25, 2001:

750 shares 12/4/2000
750 shares 3/21/2001
500 shares 4/3/2001
1000 shares 4/12/2001
1500 shares 4/20/2001
500 shares 4/20/2001
2000 shares 6/19/2001
6000 shares 6/21/2001

Shares of Exodus securities sold between April 20, 2000 and September 25, 2001:

1000 shares 3/29/2001
1500 shares 4/11/2001
1000 shares 4/20/2001
1000 shares 7/6/2001

Name: John E Hulme
Address: ███████████████████████
Telephone Number: ████████████
Signature: *John E. Hulme*



U.S. POSTAGE
PAID
OCT 07 08
AMOUNT
$0.42
00060376-06

94912

0000

RECEIVED'S

OCT 0 8 2008

CLAIMS CENTER

Exodus Securities Litigation
EXCLUSIONS
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

John Hulme



EXODIC
EXCL00015

RECEIVED

OCT 0 8 2008

CLAIMS CENTER



c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

To Whom It May Concern:

Regrettably, I must ask to be excluded from *In re Exodus Communications, Inc. Securities Litigation,* Master File No. C-01-2661-MMC, since I am already a settlement class member of *In re Merrill Lynch Research Reports Securities Litigation.*

Shares of Exodus securities purchased between April 20, 2000 and September 25, 2001:

500 shares 4/20/2000 (1000 shares after 6/21/2000 2-for-1-split)
375 shares 3/30/2001
875 shares 6/19/2001
2000 shares 6/25/2001
2000 shares 8/15/2001
1000 shares 8/21/2001
2500 shares 9/24/2001

Shares of Exodus securities sold between April 20, 2000 and September 25, 2001:

750 shares 12/4/2000
1500 shares 3/7/2001

Name: John E Hulme Prof Svcs Keogh Plan
Address: ███████████████████████
Telephone Number: ███████████
Signature: *John E. Hulme*



US POSTAGE PAID
OCT 07 08
AMOUNT
$0.42
0006I0376-06

949:2

UNITED STATES
POSTAL SERVICE

0000

RECEIVED TS

OCT 0 8 2008

CLAIMS CENTER

Exodus Securities Litigation
EXCLUSIONS
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

John Hulme